UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD F. ALVAREZ,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                    v.                                        06CV4A

                                                              **Report
                                                              and
JOANNE BARNHART, Commissioner of              Recommendation**
Social Security,

                              Defendant.

        Before the Court is defendant Commissioner's motion for judgment on the pleadings

(Docket No. 5).

## INTRODUCTION

        This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the defendant Commissioner of Social Security that plaintiff was not disabled during the

relevant period and, therefore, is not entitled to disability insurance benefits and/or Supplemental

Security Income benefits for that time.

## PROCEDURAL BACKGROUND

        Plaintiff Richard F. Alvarez ("plaintiff") filed an application for disability insurance

benefits on January 31, 2003.  That application was denied initially and on  reconsideration.  The

plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de

novo and concluded, in a written decision dated July 29, 2004, that the plaintiff was not disabled

within the meaning of the Social Security Act.  The ALJ's decision became the final decision of

the Commissioner on November 1, 2005, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on January 3, 2006 (Docket No. 1).  Only the defendant Commissioner moved for judgment on the pleadings (Docket No. 5), and that motion was argued and submitted on September 14, 2006 (Docket Nos. 10, 7; see Docket No. 9, Notice of No Reply).

## FACTUAL BACKGROUND[1]

Plaintiff is currently 52 years old (born in April 1954, R. 23), with a high school education, and, prior to his disability, performed semi-skilled occupations involving medium to heavy exertion (Docket No. 1, Compl. ¶ 7), with prior work experience as an overhead crane operator, mixer and forklift operator (Docket No. 6, Def. Memo. of Law at 7; R. 54, 59, 65, 157-60).  Plaintiff stopped working in August 2001 (R. 158).  He claims to suffer an impairment due to left leg pain, which began on August 5, 2001 (Docket No. 1, Compl. ¶ 8), from a motorcycle accident plaintiff was involved in (see Docket No. 6, Def. Memo. at 3).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff fractured his pelvis and left femur in the August 5, 2001, accident (Docket No. 6, Def. Memo. at 3), when he was 47 years old.  He underwent surgery and was discharged on August 15, 2001, without any postoperative complications (id.; R. 90).  Plaintiff saw his surgeon for follow up examinations in the fall of 2001 and the doctor noted that plaintiff was comfortable and his left foot intact (R. 121, 123, 145, 146).  In January 31, 2002, plaintiff saw his surgeon,

---

[1] References noted as "(R.___)" are to the certified record of the administrative proceedings.

2

Dr. Joseph Bax, again complaining of knee pain, but no pain in the fracture site (R. 120, 144).  In

the spring of that year, plaintiff continued to have appointments with Dr. Bax and the doctor

noted that he was walking with a cane and was comfortable (see Docket No. 6, Def. Memo. at 4).

On March 8, 2002, Dr. Bax concluded that plaintiff could return to light duty work with no

extensive stair climbing or walking (R. 120, 144), repeating on April 11, 2002, that plaintiff

could perform light duty work (R. 119, 143).

Plaintiff returned to Dr. Bax on January 31, 2003, complaining of some discomfort in his

knee and some left foot pain and weakness (see Docket No. 6, Def. Memo. at 5; R. 118, 142).

Dr. Bax believed that plaintiff was a candidate for Social Security disability (R. 119, 142).

Dr. Bax examined plaintiff again on February 28, 2003, and plaintiff complained of increased

pain in cold weather and that his left foot felt like a "tight shoe" (R. 117, 141).  Dr. Bax

concluded that the symptoms suggested nerve damage and that plaintiff was disabled (R. 117,

141).

Dr. Steven Dina examined plaintiff on March 26, 2003, and concluded that plaintiff's

condition as status post motor vehicle accident with left leg dysfunction, that plaintiff had

moderate limitations due to left leg dysfunction.  Dr. Dina advised that plaintiff avoid standing

for even minimum periods, walking distances, bending, squatting, kneeling, and climbing or

descending stairs.  Plaintiff's use of foot controls also would be restricted.  (R. 125-26.)

Plaintiff saw Dr. Bax throughout 2003 and Dr. Bax found that plaintiff now walked with

a limp and concluded that plaintiff was disabled (R. 139-41), but the doctor did not submit

evidence to support this opinion to the Commissioner (see R. 133, 136).

Plaintiff stated that he could walk about one-half to one block before tiring (R. 161).  He complains of difficulty sitting due to the pain and felt weak and felt like he was about to lose his balance after sitting for more than a half hour (id.).  He complained about pain in his foot and knees, and used a cane when the pain intensified (R. 163), and took aspirin for pain relief (R. 165).  He testified to performing various daily activities (R. 75, 77, 79, 157, 164, 167).

Vocational expert Terry Leslie testified as to a hypothetical individual with plaintiff's characteristics and opined that there were jobs in the national and regional economy that the hypothetical person could perform, namely bench assembler, folding control table worker, and information clerk (R. 174-75).

Administrative Law Judge Eugene Wieniewski found partially in plaintiff's favor on July 29, 2004 (Compl. ¶ 10), finding that plaintiff was disabled only from Apr. 14, 2004 (when plaintiff turned 50 years old), but not from alleged onset date of Aug. 5, 2001 (id. ¶ 14).  The ALJ, first, found that plaintiff had not worked since the August 2001 accident (R. 15, 19).  Next, he found that plaintiff's residuals of his left leg fracture constituted a severe impairment (id.) but that impairment did not meet or equal the severity of impairments listed in Social Security regulations (R. 16, 19).  The ALJ did not find plaintiff's subjective allegations to be entirely credible (R. 16).  Plaintiff could not perform a full range of sedentary work but was not disabled as someone less than 50 years old.  The record, while showing that plaintiff could not perform past occupations, did not show medical findings or disabling pain to preclude sedentary work (R. 16).  The ALJ found that Dr. Bax reported pain levels that were not "particularly severe" and there was no note of medication prescribed for the pain (R. 17; cf. R. 148, letter of Dr. Bax for submission to the Appeals Council, explaining plaintiff's medication regime).  The ALJ agreed

4

with the vocational expert that plaintiff had the residual functional capacity to work as a bench

assembler, quality control table worker, or an information clerk (see Docket No. 1, Compl. ¶ 5;

R. 16, 19).  The ALJ concluded that plaintiff could not return to his past relevant work (R. 18,

19).  Finally, applying Medical-Vocational Rule 201.21 and upon the testimony of the vocational

expert, the ALJ found that plaintiff was disabled as of April 14, 2004, when he reached 50 years

old (R. 18, 20; Docket No. 6, Def. Memo. at 12).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the

plaintiff was not under a disability for the three years from his accident (August 5, 2001) to his

fiftieth birthday (April 14, 2004), when he changed medical/vocational categories, is supported

by substantial evidence.  See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir.

1991).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v.

Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated  Edison Co. v. National Labor

Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person

is disabled when he is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than

12 months."  42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

5

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that his impairment prevents him from returning to her previous type of employment.  Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).  Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative  substantial gainful work which exists in the national economy and which the plaintiff could perform."  Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing his past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.

1992).  However, it should be noted that the ALJ has an affirmative duty to fully develop the

record.  Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from

performing his past work, the ALJ is required to review the plaintiff's residual functional capacity

and the physical and mental demands of the work he has done in the past.  20 C.F.R.

§§ 404.1520(e) & 416.920(e).  When the plaintiff's impairment is a mental one, special "care

must be taken to obtain a  precise description of the particular job duties which are likely to

produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments,

working with other people, etc., in order to determine if the claimant's mental impairment is

compatible with the performance of such work."  See Social Security Ruling 82-62 (1982);

Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994).  The ALJ must then determine the

individual's ability to return to his past relevant work given his residual functional  capacity.

Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, plaintiff claims that he was disabled from August 2001 following his

accident, but the ALJ found that plaintiff was not credible in establishing his disability prior to

April 2004, when he turned 50 years old.  At fifty, plaintiff's situation was governed by a

different standard under Medical-Vocational Rule 201.21, see Rule 201.14.  The issue, then, is

whether plaintiff has sufficient proof of disability for the over three years prior to turning fifty

years old under the standard for evaluating someone of that relatively youthful age.

7

Plaintiff alleged in his Complaint that he was not found to be disabled for that three-year period (Docket No. 1, Compl. ¶ 14) and that the Commissioner's determination was based upon an unspecified error of law (id. ¶ 15).  Plaintiff responded to the Commissioner's motion that the ALJ disregarded plaintiff's allegations of pain (Docket No. 8, Pl. Memo. of Law at 3-5).  He contends that the ALJ and the Appeals Council inappropriately disregarded Dr. Bax's opinion as the treating physician (id. at 5-6).

The Commissioner argues that there was sufficient evidence in the record to support plaintiff's found residual functional capacity, relying upon Dr. Dina's assessment that, with restrictions, plaintiff could perform sedentary work (Docket No. 6, Def. Memo. at 12; R. 126-27).  The Commissioner discounts the findings of the treating surgeon, Dr. Bax, from February 2003 forward that plaintiff was disabled and unemployable since (a) the finding of disability is ultimately reserved to the Commissioner, see Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999), (b) despite being requested to provide a medical opinion for plaintiff's residual functional capacity assessment, Dr. Bax did not furnish evidence to support his opinion that plaintiff was disabled (R. 136, 133), and (c) Dr. Bax's notes did not indicate a worsening of plaintiff's condition to warrant those findings (Docket No. 6, Def. Memo. at 14, 15-16), 20 C.F.R. § 404.1527(d)(2).  The Commissioner also contends that plaintiff's daily activities belied his contention of disability (see id. at 17).

As for Dr. Bax, the Commissioner correctly found that he did not support his opinion that plaintiff was disabled, especially when supporting information was requested and not provided. Dr. Bax's progress notes in 2002 described plaintiff's steady improvement and, by July 2002, plaintiff's pain was "minimal" and he was able to perform light work (R. 119, 143; Docket

No. 6, Def. Memo. at 15), see also 20 C.F.R. § 404.1568(b) (describing the physical exertion required for "light work").  But, in January 2003, Dr. Bax noted that, while plaintiff's x-rays showed good alignment and healing of the leg fracture, plaintiff complained of pain and weakness, and loss of some range of motion in his left leg and foot (R. 118, 142), concluding that plaintiff "is a candidate for Social Security Disability"(id.).  The Commissioner notes that Dr. Bax's notes did not contain findings which suggest an explanation for plaintiff's sudden worsening condition (Docket No. 6, Def. Memo. at 15-16).  In February 2003, Dr. Bax again found that plaintiff was disabled and unable to work (R. 117, 141), based upon plaintiff's complaints of pain in the cold and tightness in his left foot Dr. Bax concluded was "evidence of nerve damage" (id.).  In subsequent notes, Dr. Bax commented that plaintiff had complaints of pain and tightness in his left foot, significant limp, swelling (R. 139-40), and, in 2004, finding that plaintiff could not flex his toes (R. 138; see Docket No. 6, Def. Memo. at 16).  But there was no record of treatment for disabling pain (R. 17), even the doctor's letter for submission the Appeals Council (R. 148) notes prescribing only two forms of pain medication but plaintiff's stomach could not tolerate either medicine (R. 148, see R. 165).  Dr. Bax did not prescribe alternative therapies or medication.  Dr. Bax's conclusions of plaintiff's condition worsening depended wholly upon plaintiff's subjective complaints of pain, which the ALJ had discounted as being less than credible.

The ALJ relied upon the opinion of Dr. Dina, the consultative physician, that plaintiff could perform some sedentary work, but plaintiff should avoid standing, walking distances, bending, squatting, kneeling, and ascending or descending stairs (R. 126, 17; Docket No. 6, Def. Memo. at 12-13), cf. 20 C.F.R. § 404.1567(a).  The Social Security regulations define "sedentary

work" as recognizing that "a certain amount of walking and standing is often necessary to carry out job duties," where walking and standing "are required occasionally and other sedentary criteria are met," id.  Plaintiff testified that he could have performed sedentary work (Docket No. 6, Def. Memo. at 13-14, citing R. 80, 161; see also R. 17, 75, 77, 79, 164, 167).

Therefore, there was sufficient evidence for the ALJ to find that plaintiff was not disabled the first three years following his accident under the standards set for persons of that age.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **affirmed** and defendant's motion for judgment on the pleadings (Docket No. 5) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within ten (10) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  <u>See</u> <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **<u>Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

_____/s/ Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
December 20, 2006

11